UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR LOPEZ,<br><br>   Petitioner,<br><br>   v.<br><br>RAFAEL ZUNIGA,<br><br>   Respondent. | Case No.: 1:15-cv-01440-JLT<br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS  (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>NO CERTIFICATE OF APPEALABILITY REQUIRED |

In this action, Petitioner challenges the results of a 2013 prison disciplinary hearing[1] after which prion officials found him of guilty of possession of stolen property.  (Doc. 13, Declaration of James Dern ("Dern Dec."), Attach. 1).  The hearing officer imposed the sanction of the loss of 27 days' credits.  (Id.).  Because the Court finds there is some evidence to support the guilty finding and there is no showing that the hearing officer improperly imposed the sanction, the petition is **DENIED**.

I.     **JURISDICTION AND VENUE**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C.

---

[1] At the time of the incident, Petitioner was serving a 120-month sentence for a conviction resulting from a plea of guilty to possession of methamphetamine with intent to distribute (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)), in the United States District Court for the District of Utah.  (Doc. 13, Declaration of Jennifer Vickers ("Vickers Dec."), p. 2).

1

§ 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

In this case, Petitioner contends that the Bureau of Prisons has violated his rights in the conduct of a prison disciplinary hearing that results in the loss of credits for Petitioner. Thus, Petitioner challenges the execution of his sentence rather than the imposition of that sentence. As a result, his petition is proper under 28 U.S.C. § 2241. In addition, because at the time of filing of the petition, Petitioner was incarcerated at the Federal Correctional Institution, Mendota, California, and that facility is within the Eastern District of California, this Court has jurisdiction to proceed to the merits of the petition. See U.S. v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).

## II.   DISCUSSION

### A.   Factual Background

On February 20, 2013, after a "shake-down" of various prison cells, correctional officers discovered that Petitioner was in possession of one "Port and Company" T-shirt and one Gildan sweatshirt, neither of which were sold in the prison commissary. (Dern Dec., Attach. 1). Petitioner volunteered a statement that "[a]nother inmate gave them to me when he left." (Id.). Petitioner was advised of the charges and his rights, and he did not request that any witnesses be called. (Id.).

At the hearing, Petitioner made the following statement: "I bought the shirt at FCI Beaumont or FCI Sheridan. I don't know why I didn't ask my staff representative to check with FCI Sheridan. She never came to see me. No, I never requested any meetings with her." (Id.). Unit Secretary Osegueda, Petitioner's staff representative, testified that she contacted FCI Beaumont, which had no record of Petitioner having bought a Gildan sweatshirt at that facility. (Id.). Based on Petitioner's three distinct explanations for possessing the clothing, i.e., that they were left by a departing inmate, that he bought

them at FCI Sheridan, and that he bought them at FCI Beaumont, and in light of Petitioner's refusal to make a statement at the UDC hearing and the evidence in the reporting officer's report, the DHO concluded that Petitioner was guilty of the disciplinary infraction. (Id.).

At the hearing, the DHO notified Petitioner of his findings and sanctions, with the exception of the loss of the 27 days' credits. (Id.). The DHO notified Petitioner of the credit loss soon after and before issuance of the written report. (Id.).

B. Standard of Review

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See ibid.; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133–134, 44 S.Ct. 260, 260–261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (C.A.8 1974).

Superintendent v. Hill, 472 U.S. at 455–56. The Constitution does not require that the evidence

logically preclude any conclusion other than the conclusion reached by the disciplinary board; rather, there need only be some evidence in order to ensure that there was some basis in fact for the decision. Superintendent v. Hill, 472 U.S. at 457.

### C. Analysis.

The gravamen of Petitioner's claim is twofold: (1) that the DHO altered the sanctions subsequent to the hearing without Petitioner being present; and (2) that "some" evidence did not support the findings that Petitioner was in possession of stolen property. (Doc. 1, p. 3).

First, as indicated previously, the Court is required to apply the deferential "some evidence" standard in deciding whether to support the DHO's findings. Here, the "some evidence" standard was easily met by evidence that Petitioner had two items in his possession that were not sold in the prison commissary. Petitioner reasons that because the original Confiscation and Disposition of Contraband form listed a Gildan sweatshirt and a pair of Hilltop Sportswear sweat pants, while the original incident report listed a Gildan sweatshirt and a "Port and Company" T-shirt, the DHO's report was not based on "some" evidence. Petitioner believes that, to the extent that the "proof" at the hearing was as to a pair of sweatpants, while the original charge was possession of a t-shirt, the DHO's decision was not based on actual evidence. (Doc. 1, p. 3).

As Respondent correctly observes, however, though a disparity exists as to the Hilltop sweatpants, both reports list the Gildan sweatshirt. Thus, even assuming that the discrepancy somehow undercuts the charge as to the sweatpants, the charge vis-à-vis the sweatshirt remains valid. Petitioner did not deny that the sweatshirt was found in his possession and, as the DHO noted, Petitioner offered various explanations for how that came to be, further undermining his credibility. Given that the Gildan sweatshirt was not sold at Petitioner's prison nor did he purchase at his prior institution, some evidence supported the DHO's finding that Petitioner was in possession of stolen property, regardless of whether there was sufficient proof wrongfully possess the sweatpants.

Likewise, Petitioner's claim that the DHO illegally changed his punishment in his absence is unpersuasive. Although the DHO failed to notify Petitioner of the 27 days' sanction at the time of the hearing, he *did* notify Petitioner soon thereafter and before he issued his written report. The DHO's declaration clearly indicates that the 27 days' loss of credits was intended to be part of the punishment

4

at the conclusion of the disciplinary hearing, and that it was only through inadvertence that he failed to apprise Petitioner of that particular sanction at the conclusion of the hearing. (Doc. 13, Dern Dec., Attach 1). Thus, contrary to Petitioner's claim, the DHO did not "modify" or alter the sanctions imposed; rather, he corrected an omission. Petitioner does not cite, and the Court is unaware of, any authority that an inmate's due process rights under Hill are violated under such circumstances.

Based on the foregoing, the Court concludes that Petitioner's claims should be denied and that the petition for writ of habeas corpus should be denied with prejudice.

Moreover, the plain language of 28 U.S.C. § 2253( c)(1) does not require a certificate of appealability because this is an appeal from an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court. Forde v. U.S. Parole Commission, 114 F.3d 878 (9th Cir. 1997); see Ojo v. INS, 106 F.3d 680, 681-682 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Accordingly, no certificate of appealability is required.

## ORDER

For the foregoing reasons, the Court **ORDERS** as follows:

1. The petition for writ of habeas corpus (Doc. 1), is **DENIED** with prejudice;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file; and
3. No certificate of appealability is required.

IT IS SO ORDERED.

Dated:   **May 20, 2016**          /s/ Jennifer L. Thurston
                                   UNITED STATES MAGISTRATE JUDGE